```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF PENNSYLVANIA
```

                                    :
DONNELL PONTON,                     :    Civil No. 10-2213 (JBS)
                                    :
              Plaintiff,            :
                                    :           **OPINION**
         v.                         :
                                    :
U.S. COURT OF APPEALS,              :
et al.,                             :
                                    :
              Defendants.           :
                                    :

**APPEARANCES**:

   DONNELL PONTON, Plaintiff Pro Se
   3714 N. 18th Street
   Philadelphia, Pennsylvania  19140

**SIMANDLE**, District Judge[1]:

Donnell Ponton seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, this Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee. See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint with prejudice.[2]

---

[1] The undersigned U.S. District Judge for the District of New Jersey has been assigned to handle this docket by Designation of the Chief Judge of the U.S. Court of Appeals for the Third Circuit, filed herein on June 28, 2010, pursuant to 28 U.S.C. § 292(b).

[2] Plaintiff also moves to disqualify Judge Davis "and any and all officers of the U.S. District Court for the Eastern District of Pennsylvania and U.S. Government Attorneys, whom are

## I. BACKGROUND

The Complaint seeks relief against the United States Court of Appeals for the Third Circuit, Chief Judge Theodore McKee, Third Circuit Clerk Marcia M. Waldron, Third Circuit Staff Attorney Jeanne T. Donnelly, and Third Circuit Case Manager Taleah Renee Grimmage. Plaintiff asserts that the allegations and claims for relief in this matter are "anchored in" a civil lawsuit filed in the Eastern District of Pennsylvania alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. See Ponton v. U.S. Dept. of Justice/EEOC, Civ. No. 09-0197 (entering final judgment in favor of defendants on March 9, 2010). After final judgment was entered, Mr. Ponton appealed the matter to the Third Circuit Court of Appeals, which affirmed the judgment of the district court in an opinion dated September 23, 2010. See Ponton v. AFSCME, 395 F. App'x 867 (3d Cir. 2010). Shortly after appealing the final judgment of his Title VII action, Mr. Ponton filed a different complaint for damages and injunctive relief, naming as defendants the District Judge in his Title VII case as well as several other federal agencies and officials. See Ponton v. U.S. District Court for the Eastern District of Pennsylvania, Civ. No. 10-1514. Mr. Ponton's complaint against the Eastern

---

connected to this action. . . ." [Docket Item 2.] This Court will deny the motion to disqualify Judge Davis, et al. as moot, the case having been reassigned.

District, et al., was assigned to this Court, which dismissed his complaint sua sponte as failing to state a claim under 28 U.S.C. § 1915(e) on May 17, 2010.

On May 10, 2010, Mr. Ponton filed the instant action, naming as defendants the Third Circuit Court of Appeals, Chief Judge Theodore McKee, and three employees of the Third Circuit Court of Appeals. Mr. Ponton alleges that he sought to file a complaint of judicial misconduct under 28 U.S.C. § 351 et seq. against the District Court Judge in his original Title VII action with the Third Circuit. He alleges that his complaint of misconduct was not properly docketed, and he was required to resubmit the complaint in a different format than the original form. Finally, Mr. Ponton alleges that he was provided by the Third Circuit Clerk an explanation as to why this was required, which Mr. Ponton interpreted as

> failing to properly address the processing of the Complaint of Judicial Misconduct or Disability, totally ignoring the role that she, the Clerk herself played in attempting to undermine the process of the Appellant/Litigants' Complaint of Judicial Misconduct or Disability, in which was stated in her letter, dated May 3, 2010, that Appellant/Litigant's Complaint of Judicial Misconduct or Disability was dated April 27, 2010, and that it was not in proper form.

(Compl. at 3). Plaintiff did not find this explanation satisfactory. Plaintiff does not allege whether he subsequently was able to resubmit the misconduct complaint, and whether it was

3

considered by the Third Circuit Judicial Council, as provided in 28 U.S.C. § 354.  Indeed, it appears from his Complaint herein that the Clerk of Court's personnel advised Plaintiff of the procedure to follow if he wished to assert a complaint of judicial misconduct.  There is no plausible basis for any claim that he was prevented from doing so.

Plaintiff seeks relief under Title VII, 42 U.S.C. § 2000e, et seq. and directly under the U.S. Constitution.  Plaintiff seeks injunctive relief in the form of barring the individual defendants from public service for "at least five years" as well as any other relief that the Court finds fair.

Based on the Court's review of Plaintiff's Complaint, the Court has determined that, because Plaintiff fails to allege an injury sufficient to create standing to sue, Plaintiff's Complaint must be dismissed under § 1915(e)(2)(B).

## II.  STANDARD FOR DISMISSAL

This Court is directed under § 1915(e)(2) to dismiss, at the earliest practicable time, in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v.

4

Day, 969 F.2d 39, 42 (3d Cir. 1992).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir.2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Thus, to survive dismissal, Plaintiff's Complaint must contain sufficient factual matter to plausibly allege all required elements of a cause of action. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a complaint fails to plead facts sufficient to satisfy the standing and "case or controversy" requirement of Article III, the Court may sua sponte dismiss under § 1915(e)(2)(B). Martin v. Keitel, 205 F. App'x 925, 928-29 (affirming sua sponte dismissal of complaint under § 1915 that lacked standing).

Because Plaintiff proceeds pro se, his pleading is liberally

5

construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted). With these precepts in mind, the Court has determined that the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## III. DISCUSSION

Plaintiff's complaint alleges that his efforts to file a complaint of judicial misconduct were stymied by Defendants. Plaintiff does not allege, however, that he was injured in any particular or concrete way by this treatment. Consequently, the Court concludes that he lacks standing to sue.

In order to demonstrate Article III standing, a plaintiff: 1) must have suffered an injury in fact that was concrete and particularized as well as actual or imminent; 2) the injury must be fairly traceable to the defendant's conduct; and 3) it must be likely, opposed to simply speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

In the instant case, Plaintiff alleges that his effort to file a complaint of judicial misconduct under 28 U.S.C. § 351 was delayed by Defendants. The Court notes that under 28 U.S.C. § 351, a complainant such as Plaintiff is not entitled to any

individual relief upon the filing or consideration of such a complaint. See 28 U.S.C. §§ 354-355 (authorizing particular actions by Judicial Council or Judicial Conference in response to complaint of misconduct). Thus, even assuming for the sake of argument that Defendants' actions have prevented Plaintiff from filing a complaint under 28 U.S.C. § 351, Plaintiff has not alleged a particularized injury sufficient to meet the standing requirement of Lujan v. Defenders of Wildlife. Whether or not Plaintiff's complaint of judicial misconduct would result in any disciplinary action against another is not sufficient injury to create standing. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") Consequently, the Court concludes that Plaintiff's Complaint does not allege a cognizable injury to create standing, and must be dismissed under § 1915(e)(2)(B).

To recognize Plaintiff's claim of a right to prosecute a disciplinary case against a judicial officer would be to convert a general procedural statute for court administration into a private right of action, which is something the Congress has not done in 28 U.S.C. § 351, et seq. See, e.g., 28 U.S.C. § 357(c) (prohibiting collateral judicial review of disposition of misconduct complaints); Three Rivers Ctr. v. Hous. Auth. of the City of Pittsburgh, 382 F.3d 412, 421 (3d Cir. 2004) ("for an

7

implied right of action to exist, a statute must manifest Congress's intent to create (1) a personal right, and (2) a private remedy"). Thus, even if Plaintiff had Article III standing, his present Complaint, in the alternative, fails to state a claim upon which relief may be granted, as a matter of law.

**IV. CONCLUSION**

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis, dismisses Plaintiff's motion to disqualify Judge Davis as moot, and dismisses the Complaint with prejudice. The Court will enter an appropriate Order.

 **s/ Jerome B. Simandle**
 JEROME B. SIMANDLE, U.S.D.J.
 (Sitting by Designation, 28 U.S.C. § 292(b))

Dated:   **March 22**   , 2011